## 11813.  GRIER v. THE STATE.

Exceptions not argued in the brief for the excepting party in this court will not be considered.

The charge of the court as to recent possession of stolen property was not cause for a new trial.

Whether the defendant's explanation as to his possession of the articles alleged to have been stolen was consistent with his innocence was a question of fact, to be determined by the jury, and this court can not interfere with their determination of the question, under the evidence in this case.

DECIDED NOVEMBER 9, 1920.

Indictment for larceny from house; from Bibb superior court — Judge Mathews.  July 20, 1920.

The defendant was charged with having stolen two watches from Blouenstein's pawn shop.  It was testified that they were stolen from the shop on May 28, 1919; and, according to the evidence, the defendant pawned one of them at another pawn shop on the following day, and pawned the other about the same time at a third pawn shop.  He was arrested four or five days later.  An employee at the last-mentioned shop, who stated that he saw the defendant come into the shop to pawn a watch, testified: "After that I saw the defendant on Cherry street here, and I tried to get him to go to Mr. Blouenstein's with me to straighten it out. . . I says, 'Come here;' and he stopped, and I says, 'Come and walk over to Mr. Blouenstein's with me; he wants to see you,' and he says, 'I know what he wants; he wants to see me about some watches,' and I says, 'Come and walk over there,' and he says, 'I have not got time, I have got to go to Douglas's theater;' and I called up the city hall for an officer."  A witness for the defendant testified that on the day preceding the arrest of the defendant he saw "a little brown-skin fellow" on the street trying to sell two watches to the defendant for $8, and that the defendant bought them from this man, and he saw the defendant pay for them.  In his statement at the trial the defendant said: "About the watches, this boy met me out there that used to work at the Hotel Dempsey (I went to Atlanta last week to try to locate him), . . and he says, 'Let me sell you two watches cheap; . . I will make them to you at $8. . . I didn't think he stole them . . and I gave him $8 for them. . . This other man says, . .

'Come and go to Blouenstein's, you are the fellow that broke in and stole the watches;' and that was the first thing I learned about it. . . I never been in this man's place. That is all I know about it. . . I didn't pawn the watches." A witness testified in rebuttal that the defendant pawned one of the watches to him on May 29.

The first special ground of the motion for a new trial is that one of the jurors who rendered the verdict was one of the grand jurors who found the indictment.

In the motion for a new trial it is alleged that the court erred in charging the jury that "the recent possession of stolen goods by a person charged with larceny from the house may be a circumstance from which the jury might infer larceny from the house," and in failing to charge that although the defendant was found in possession of property recently stolen, if he gave a reasonable and satisfactory explanation of that possession, such possession would not authorize an inference of guilt of the larceny.

*W. A McClellan, Hallie B. Bell,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BLOODWORTH, J. 1. The first ground of the original motion for a new trial, not having been argued in the brief of counsel for the plaintiff in error, will be treated as abandoned.

2. The remaining grounds of the motion for a new trial are the general grounds "with variations," and exceptions to an excerpt from the charge, and to the failure of the judge to charge a certain proposition. When the entire charge is considered there is no merit in the attack upon it. The able presiding judge, in his order overruling the motion for a new trial, said: "The above-stated motion coming on regularly to be heard on the original and amended grounds, after argument ·I conclude that the evidence sustained the verdict, and that the exceptions to the charge (in view of the very full presentation of the defendant's contention as to how he came in possession of the watches, as accounting for his possession, and a full and ever-repeated instruction to the effect that if the watches came into his possession by purchase from a thief, the defendant could not be properly convicted, and as the evidence in his behalf and his own statement presented only that theory as accounting for that

recent possession) are not well founded." We agree with him. "Whether an explanation which the accused makes of his possession of property recently stolen is consistent with his innocence is exclusively a question of fact for determination by the jury, and this court has no right to interfere with that determination, unless it is wholly unsupported by the evidence, or by any reasonable theory deducible therefrom." *Jester* v. *State, 23 Ga. App.* 132 (1) (97 S. E. 563).

*Judgment affirmed. Broyles, C.J., and Luke, J., concur.*